IN UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAURA MOORE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:15-cv-01877-M |
| | § | |
| GLADIATOR EVENTS, LLC, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion for Leave to Amend its Notice of Removal [Docket Entry #13] and Plaintiff's Motion to Remand [Docket Entry #10]. For the reasons stated below, the Motion for Leave to Amend is **GRANTED**, and the Motion to Remand is **DENIED**.

I.   **FACTUAL BACKGROUND**

Plaintiff, Laura Moore, claims she was seriously injured while participating in an obstacle course at the Gladiator Rock'n Run event hosted by Defendant, Gladiator Events, LLC ("Gladiator"), when she encountered an object submerged and hidden in muddy water. As a result, Moore alleges she suffered severe injuries to her foot and ankle which required two surgeries and which will cause her future pain, suffering, impairment, and disfigurement.

After nearly a year of proceedings in state court, Moore reached a settlement with and dismissed a non-diverse defendant. Gladiator then removed this case to federal court under 28 U.S.C. § 1332, alleging complete diversity and an amount in controversy exceeding $75,000. Moore moved to remand, arguing that Gladiator's Notice of

Removal ("the Original Notice") did not establish subject matter jurisdiction because Gladiator did not properly plead its citizenship or show that the amount in controversy exceeds $75,000. In response, Gladiator moved to amend its Notice of Removal to correct and supplement its allegations. It attached an Amended Notice of Removal which alleged it is a limited liability company and the citizenship of its sole member and supplemented its allegations regarding the amount in controversy. Moore opposed the Motion for Leave to Amend and argued that, even if the Court accepted the Amended Notice, it was still not sufficient to establish jurisdiction. Finally, Moore provided evidence, through an attorney declaration and medical records, to support her claim that Gladiator failed to establish that the amount in controversy is likely to exceed $75,000. Both parties request attorneys' fees under 28 U.S.C. § 1447(c).

## II.     DIVERSITY JURISDICTION

Gladiator, as the party invoking federal jurisdiction, bears the burden of establishing, by a preponderance of the evidence, that diversity exists, and that the jurisdictional minimum is satisfied. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). The "basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Ill. Cent. Gulf R. Co. v. Pargas, Inc.,* 706 F.2d 633, 636 (5th Cir. 1983) (internal quotation marks and citation omitted).

To determine the amount in controversy, courts look first to the state court petition. *Salazar v. Downey*, 2012 WL 5389678, at *1–2 (N.D. Tex. Nov. 5, 2012) (Lynn, J.). When the petition does not state the dollar amount of damages sought, courts analyze the notice of removal. *Id.*; *see Dart Cherokee Basin Operating Co., LLC v.*

*Owens*, __ U.S. __, 135 S. Ct. 547, 553–54 (2014) (a CAFA case with broader implications for diversity cases).  Where the notice of removal alleges an amount in controversy, and the amount is not contested, courts accept the removing party's allegation.  *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553.  However, where the amount in controversy is contested, "'[r]emoval . . . is proper on the basis of an amount in controversy asserted' by the defendant 'if the district court finds, by the preponderance of the evidence, that the amount in controversy exceeds' the jurisdictional threshold." *Id.* at 553–54 (quoting 28 U.S.C. § 1446(c)(2)(B)); *Statin v. Deutsche Bank Nat.'l Trust Co.*, 599 F. App'x 545, 546 n.1 ("[O]nce the notice of removal's asserted amount is 'challenged,' the parties 'must submit proof and the court decides, by a preponderance of the evidence, whether the amount-in-controversy requirement has been satisfied.'" (quoting *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554)).

A removing party may establish the jurisdictional amount by either: (1) demonstrating that it is "facially apparent" from the petition that the claim more likely than not exceeds $75,000 or (2) setting forth the facts in controversy that support a finding of the requisite amount.  *Arriaga v. Midland Funding LLC*, 2015 WL 567264, at *2 (N.D. Tex. Feb. 11, 2015) (Lynn, J.) (citing *Grant v. Chevron Phillips Chem. Co.*, 309 F.3d 864, 868 (5th Cir. 2002)).  "[I]f the value of the claims is not apparent, then the defendants may support federal jurisdiction by setting forth the facts—[either] in the removal petition [or] by affidavit—that support a finding of the requisite amount." *Larremore v. Lykes Bros. Inc.*, 454 F. App'x 305, 306-07 (5th Cir. 2011) (quoting *Garcia v. Koch Oil Co. of Texas, Inc.*, 351 F.3d 636, 638 (5th Cir. 2003)).  "Once a defendant has met this burden, the motion to remand will be denied, unless the plaintiff can show by

a legal certainty that [she] will not recover more than $75,000." *Salazar*, 2012 WL 5389678, at *1–2.

### III. MOTION FOR LEAVE TO AMEND

Under 28 U.S.C. § 1653, "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts" after the thirty day period for removing a state court action under 28 U.S.C. § 1446(b) has expired. *Sanders v. Leggett & Platt, Inc.*, 2010 WL 3282978, at *1 (N.D. Tex. Aug. 17, 2010) (Lynn, J.); *see also Menendez v. Wal-Mart Stores, Inc.*, 364 F. App'x 62, 66 (5th Cir. 2010); *Swindol v. Aurora Flight Sciences Corp.*, __ F.3d __, 2015 WL 5090578, at *1 (5th Cir. Aug. 28, 2015). Section 1653 is "liberally construed to allow a party to cure technical defects, including the failure to specifically allege the citizenship of parties." *Moreno Energy, Inc. v. Marathon Oil Co.*, 884 F. Supp. 2d 577, 586-87 (S.D. Tex. 2012) (Harmon, J.) (quoting *Menendez*, 364 F. App'x at 66.)[1] However, a court's discretion to allow amendments is not unlimited. A court "may allow amendments to notices of removal with defective allegations of jurisdiction, but not missing allegations of jurisdiction." *Sanders*, 2010 WL 3282978, at *1. Similarly, courts may allow amendments to cure defective *jurisdictional* allegations but not *procedural* defects. *Grand Texas Homes, Inc. v. Am.*

---

[1] Moore argues that the Fifth Circuit has not issued a binding decision on the propriety of using § 1653 to amend notices of removal more than thirty days after an action becomes removable. In fact, the Fifth Circuit has, in published and unpublished opinions, granted motions to amend notices of removal under § 1653. *Swindol*, __ F.3d __, 2015 WL 5090578, at *2 ("[W]e exercise our discretion to grant Swindol's motion for leave to amend under Section 1653 because the judicially noticed documents persuade us that the parties are completely diverse."); *Menendez*, 364 F. App'x at 68 ("To remedy the technical defect, we grant the defendants' motion for leave to amend their notice of removal.").

*Safety Indem. Co.*, 2012 WL 5355958, at *3 (N.D. Tex. Oct. 30, 2012) (Lynn, J.) (finding that "[f]ailure to join in removal is a procedural defect that cannot be cured" under § 1653 and granting a motion to remand).

Because, in its Original Notice, Gladiator provided only its place of legal organization and principal place of business, and not the citizenship of its members, Gladiator failed properly to allege complete diversity. "[L]ike limited partnerships and other unincorporated associations or entities," a limited liability company's citizenship is that of each of its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Therefore, to adequately plead the citizenship of a limited liability company, a removing party must allege the citizenship of each of its members, *not* its principal place of business and place of incorporation. *Id.* To demonstrate diversity, Gladiator must prove that none of its members share citizenship with Moore.

In its Original Notice, Gladiator alleged that Moore is a citizen of Texas and identified itself as a citizen of California, stating that it is a "limited liability corporation incorporated under the laws of the State of California, having its principal place of business in California" [Docket Entry #1 at 3]. It did not allege its membership or its member's citizenship. Now, however, in the Amended Notice, Gladiator alleges that it has one member—Dan Clark, who "is a citizen of California" [Docket Entry #13-1 at 3].

Gladiator's error is a defective jurisdictional allegation which Gladiator should be allowed to correct. Courts have recognized that, "where a notice of removal fails to identify the citizenship of the members or partners of an unincorporated association, leave to amend should be granted under 28 U.S.C. § 1653." *Moreno Energy, Inc.*, 884 F. Supp. 2d at 586–87; *Mullins v. Testamerica Inc.*, 300 F. App'x 259, 260–61 (5th Cir.

2008) (remanding to the district court so that a limited partnership could amend the jurisdictional allegations in its notice of removal to identify the citizenship of its partners); *ALMS, Ltd., L.L.P. v. Guzman*, 1998 WL 684245, at *1 (N.D. Tex. Sept. 25, 1998) (Fish, J.) (allowing a removing defendant to amend a notice of removal that alleged a limited liability partnership's citizenship based on its principal place of business and place of legal organization in order to allege the citizenship of its partners). Because the citizenship of limited liability companies is determined in the same way as the citizenship of partnerships and other unincorporated associations, courts treat them the same way. *Alvarez v. Aldi (Texas), L.L.C.*, 2014 WL 1694901, at *3 (N.D. Tex. Apr. 28, 2014) (Lindsay, J.) (allowing a removing limited liability company to amend its notice of removal to provide the correct citizenship of its sole member); *Lindley Contours, LLC v. AABB Fitness Holdings, Inc.*, 414 Fed. Appx. 62, 64–65 (9th Cir. 2011) (granting removing defendants leave to amend their notice of removal under § 1653 to allege the citizenship of the members of limited liability corporations).

Gladiator also should be permitted to supplement its allegations regarding the amount in controversy. In the Original Notice, Gladiator stated that "the allegations of harm contained within the Petition" make it "facially apparent" that the amount in controversy exceeds $75,000: Moore claims she "sustained severe and painful injuries including, but not limited to, a fractured ankle which required screws and plates to fix and two surgeries," and seeks damages for "past and future medical expenses, physical pain and suffering, mental anguish, physical impairment, [and] disfigurement" [Docket Entry #1 at 3–4]. Based on those claims, along with "medical records and bills as well as other information," Gladiator obtained through discovery, Gladiator "estimate[d]" that

6

the amount in controversy was "approximately $150,000." *Id.* at 4. Gladiator also noted that Moore is alleging gross negligence, which, under Texas law, allows a plaintiff to seek punitive damages, and claimed that, by stating in the Petition that the case would be conducted under a Level 2 Discovery Plan under the Texas Rules of Civil Procedure, Moore conceded that the case involved at least $50,000. *Id.*

Gladiator now seeks to supplement its allegations of the amount in controversy. Specifically, the Amended Notice cites additional caselaw and states that "based on defense counsel's background, education, training and 16 years of experience in personal injury cases," Gladiator estimates that the amount in controversy is approximately $150,000 [Docket Entry #13-1 at 7].

Gladiator alleged, in the Original Notice, that the amount in controversy exceeded $75,000; so at worst the allegation in the Original Notice was merely conclusory. Allegations regarding the amount in controversy are allegations regarding jurisdictional facts, not procedural requirements. *Accord Menendez v. Wal-Mart Stores, Inc.*, 2009 WL 2407949, at *2 (S.D. Tex. July 31, 2009) (Crane, J.), *aff'd by Menendez*, 364 F. App'x 62 (allowing defendants who wholly failed to state any amount in controversy to amend their notice of removal to specifically allege the amount in controversy, because there was "no indication that the jurisdictional facts supporting the exercise of diversity jurisdiction did not exist at the time of removal; Removing Defendants simply failed to allege those facts with the requisite specificity"). Courts often therefore allow removing defendants to supplement their allegations regarding the amount in controversy under § 1653. *See, e.g.*, *ALMS, Ltd., L.L.P.*, 1998 WL 684245, at *1 (allowing defendant to amend a notice of removal to provide additional evidence of the amount in controversy);

7

*Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 n.1 (9th Cir. 2002) (allowing a removing defendant to supplement a notice of removal that "only summarily alleged that the amount in controversy exceeded $75,000, without alleging any underlying facts to support this assertion" with an explanation that the amount in controversy was based on a settlement demand).

Gladiator's Motion to Amend its Notice of Removal is therefore **GRANTED**, and the Court will consider the Amended Notice in evaluating Moore's Motion to Remand.

## IV. MOTION TO REMAND

The Court must remand the action if either 1) the parties are not completely diverse, or 2) the amount in controversy does not exceed $75,000. Because, in its Amended Notice, Gladiator has adequately alleged both complete diversity and the minimum jurisdictional amount, the Court will not remand.

Moore argues that Gladiator's Amended Notice does not establish complete diversity, because, although Gladiator alleges that it has only one member, it does not allege the citizenship of that member *at the time of removal*, only stating that it *has* one member and the member *is* a citizen of California. Further, Moore argues that the Amended Notice is insufficient to establish citizenship because Gladiator did not provide any evidence of its citizenship outside of its bare allegation. Neither argument is persuasive. First, although Moore is correct that the Amended Notice uses the present tense when alleging the identity and citizenship of Gladiator's member, in the next sentence it clarifies that "Gladiator Events, LLC, was at the time this action was commenced, and is currently, a citizen of the State of California" [Docket Entry #13-1, at 3]. The Court finds this allegation sufficiently specific to allege Gladiator's citizenship

at the time the action was filed and the time of removal—after alleging its membership, and its member's citizenship, it alleged that it was a citizen of California at both relevant times. Second, it is well established that a notice of removal need not incorporate actual evidence of the grounds for removal, as long as the notice provides a short and plain statement of the jurisdictional allegations. Moore has not contested the fact of Gladiator's California citizenship. Fed. R. Civ. P. 1446(a); *Dart Cherokee Basin Operating Co.*, 135 S. Ct. at 551. The Court finds that complete diversity exists.

In determining the amount in controversy, the Court can consider items for which Gladiator can be liable under state law, including attorneys' fees, penalties, statutory damages, and punitive damages. *Salazar*, 2012 WL 5389678, at *2; *see St. Paul Reinsurance Co.,* 134 F.3d at 1253; *see also U.S. Fire Ins. Co. v. Villegas,* 242 F.3d 279, 284–85 (5th Cir. 2001) (concluding that punitive damages may properly be considered in determining whether the amount in controversy exceeds $75,000).

Here, the Petition makes clear that Moore is seeking significant damages: it alleges that Moore "sustained severe injuries to her right ankle, foot and body in general" including "a fracture in her right ankle which required screws and plates to fix and two surgeries" [Docket Entry #1-1 at ¶12]. She incurred costs for medical care and treatment and alleges she will continue to incur such costs in the future. *Id.* at ¶19. Further, the Petition alleges that Moore suffered, and will suffer, physical pain, mental anguish, physical disfigurement, and physical impairment "probably for the rest of her life." *Id.* Finally, the Petition claims that Moore "incurred reasonable and necessary consequential and incidental expenses including, but not limited to: transportation expenses, mileage expenses, [and] domestic assistance." *Id.* These kinds of allegations—for "specific types

of medical treatment, emotional distress, [and] functional impairments"—support[ ] a substantially larger monetary basis for federal jurisdiction." *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999).

Courts considering similar claims have found that the jurisdictional minimum was exceeded. For example, this Court found that a petition "plainly indicate[d]" that it was more likely than not that a plaintiff's damages would "exceed $75,000 in the event of a favorable verdict" where the plaintiff alleged unspecified bodily injuries and claimed he had incurred $50,000 in continuing medical expenses, and sought exemplary damages. *Salazar*, 2012 WL 5389678, at *2. Another court in this circuit found that, where a plaintiff alleged "a 'crushed' foot and toes," the petition "reveal[ed] on its face that the amount in controversy [wa]s greater than $75,000." *Hernandez v. CST Drilling Fluid, Inc.*, 2008 WL 150962, at *3 (S.D. Tex. Jan. 11, 2008) (Jack, J.). Another court held that, where a plaintiff's hand was injured in an accident, requiring surgery and additional medical treatment, and plaintiff sought past, present, and future damages for physical pain and suffering, emotional distress, loss of enjoyment of life, and medical expenses, it was facially apparent that the jurisdictional minimum was met. *Broussard v. Celebration Station Props., Inc.*, 2014 WL 1402144, at *3–4 (M.D. La. Apr. 10, 2014); *see also Berry v. Toyota Motor Sales, U.S.A., Inc.*, 2011 WL 6965837, at *2 (W.D. La. Dec. 15, 2011) *report and recommendation adopted,* 2012 WL 48044 (W.D. La. Jan. 9, 2012) (finding that, although the claims for physical and mental pain and suffering, past and future medical expenses, and disability due to certain injuries did not make the amount in controversy facially apparent, evidence that the plaintiff's jaw was fractured was enough to establish the jurisdictional threshold).

Moore's choice of discovery plan further confirms that the amount in controversy exceeds $75,000. *See Dean v. Accenture Fed. Servs., LLC*, 2011 WL 6355298, at *3 (W.D. Tex. Dec. 19, 2011) ("[G]iven the allegations of severe mental anguish, both past and future, and invocation of a Level 2 discovery control plan, the Court finds that it is facially apparent that the amount in controversy, based on compensatory damages and attorneys' fees, exceeds $75,000."). Moore's Petition states that discovery will be conducted "under a Level 2 discovery plan pursuant to the Texas Rules of Civil Procedure" [Docket Entry #1 at ¶1]. Gladiator argues that this is a concession that at least $50,000 is in controversy. Moore does not contest that; in fact, she explicitly concedes that the case involves $50,000. [Docket Entry #25 at 12]. However, the Texas Rules of Civil Procedure recently changed. The prior rule stated that Level 1 applied where plaintiffs "affirmatively ple[d] that they s[ought] only monetary relief aggregating $50,000 or less," and that Level 2 governed other actions. That rule has been revised. The new rule, which took effect approximately fourteen months before this action was filed, provides that Level 1 applies when claimants "affirmatively plead that they seek only monetary relief aggregating *$100,000 or less*," including attorneys' fees. Tex. R. Civ. P. §§190.2 & 169 (emphasis added); *see* Neal A. Hoffman, *Diversity Jurisdiction Dilemmas*, Vol. 78, No. 2, Tex. Bar. J., Feb. 2015.

Moore's choice of a state court Level 2 discovery plan is informative but not dispositive, even under the new rules. A plaintiff who fails to "affirmatively plead" that she is seeking $100,000 or less by choosing to conduct discovery under a Level 1 discovery plan is not affirmatively pleading that $100,000 is actually in controversy. However, the fact that Moore did not seek to utilize the expedited discovery procedures

available to Level 1 plaintiffs seeking less than $100,000 under the Texas rules is relevant to determining the amount in controversy.

Here, the Petition also alleges gross negligence, a cause of action which, if proven, will allow Plaintiff to seek exemplary damages [Docket Entry #1-1 at ¶11]. *Nieto v. Roadrunner Transp. Servs., Inc.*, 2012 WL 5359614, at *2 (N.D. Tex. Oct. 30, 2012) (Lynn, J) (citing Tex. Civ. Prac. & Rem. Code § 41.003).

Moore's claims make it likely that, if she prevails on the merits, she will recover at least $75,000. The evidence Moore submitted after removal does not indicate otherwise.[2] In her Reply in Support of her Motion to Remand, Moore claims that her medical bills are less than $17,000. Moore claims that she "has not required additional treatment since this case was filed," thus allegedly "indicating that the likely future medical expenses will be zero" [Docket Entry #25 at 14].

Although Moore has incurred less than $20,000 in medical expenses, and argues that she likely will not incur other medical expenses, she does not account for a potentially significant recovery for past and future physical and mental anguish, permanent disfigurement and impairment, attorneys' fees, and incidentals, such as the claimed transportation expenses and domestic assistance, as well as exemplary damages. Under Texas law, a jury can award exemplary damages of 1) twice the amount of economic damages, plus the amount of noneconomic damages awarded, or 2) $200,000, whichever is greater. Tex. Civ. Prac. & Rem. Code § 41.008(b).

Because Gladiator has shown that the amount in controversy likely exceeds

---

[2] The Court can consider evidence when determining the amount in controversy. *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 553–54; *Statin*, 599 F. App'x at 546 n.1.

$75,000, the Motion to Remand must be denied unless Moore has shown to a legal certainty that that she cannot recover more than $75,000.  The Fifth Circuit has suggested that a plaintiff may show legal certainty in various ways, including by filing a binding stipulation or affidavit, or by identifying a state statute that would limit damages to an amount that does not exceed $75,000.  *Salazar*, 2012 WL 5389678, at *1–2.  Moore has not attempted to provide any such legal certainty here.

For all these reasons, the Court concludes, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.  The Motion to Remand is thus **DENIED**.

### V.    REQUESTS FOR ATTORNEYS' FEES

Both parties request attorneys' fees, but neither party is entitled to them.  Under 28 U.S.C. § 1447(c), a court may award attorneys' fees "incurred as a result of the removal."  However, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal."  *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005).  Clearly, for all the reasons the Motion to Remand is denied, Gladiator had an objectively reasonable basis for removal.

Gladiator also is not entitled to recover attorneys' fees.  Section 1447(c) allows a party to recover attorneys' fees when a case is remanded.  The purpose of § 1447(c)'s fee-shifting provision is "to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party."  *Martin*, 546 U.S. at 140; *Micrometl Corp. v. Tranzact Technologies, Inc.*, 656 F.3d 467, 472 (7th Cir. 2011) ("[B]ecause a case must be remanded at any time when a court lacks jurisdiction . . . Congress sought to deter

13

improper removals and delays in seeking remand by enacting the fee-shifting provision."). Requiring Moore to pay fees Gladiator incurred as a result of removal would not serve the purposes of § 1447(c). The Court therefore declines to award attorneys' fees to Gladiator.

## VI.     CONCLUSION

For these reasons, Defendant's Motion to Amend its Notice of Removal [Docket Entry #13] is **GRANTED**, and Plaintiff's Motion to Remand [Docket Entry #10] is **DENIED**.

**SO ORDERED.**

September 15, 2015.

                                    **BARBARA M. G. LYNN**
                                    **UNITED STATES DISTRICT JUDGE**
                                    **NORTHERN DISTRICT OF TEXAS**